NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

FILE NAME: 15A0274N.06

CASE NO. 14-5464

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 14, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| v. | ) | **COURT FOR THE WESTERN** |
| | ) | **DISTRICT OF TENNESSEE** |
| PHYLLIS GLOVER, | ) | |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

Before: BATCHELDER, SUTTON, and COOK, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Defendant Phyllis Glover appeals her sentence following her guilty plea to charges relating to the possession and distribution of pseudoephedrine for the manufacture of methamphetamine. We AFFIRM.

## I.

On August 24, 2010, a confidential source tipped the Benton County (TN) Sheriff's Office that John Young and David Harris were driving to Georgia in a 2000 Pontiac Bonneville, bearing license plate "321WJT," to purchase pseudoephedrine. An officer alerted the DEA, called several pharmacies and confirmed Harris's pseudoephedrine purchases, and tracked the registration for the car to Phyllis Glover (hereinafter "Phyllis"), a 54-year-old mother and grandmother, and a convicted felon (relating to methamphetamine possession).

On August 26, 2010, a confidential source tipped the Sheriff's Office that Young and Harris were returning to Tennessee with the pseudoephedrine, so officers waited at the border. At about 10:00 p.m., they spotted the Bonneville with plate "321WJT" and initiated a traffic stop. Young and Harris were in the vehicle, along with one Samantha Orlow and a zip lock bag

containing 831 pseudoephedrine pills (107.1 g of pseudoephedrine).  The officers arrested all three and seized the bag of pills.  During this apprehension and seizure, one of the suspect's cell phones rang and an officer answered it without identifying himself.  The caller said she was waiting in a gravel area just off the highway.  Officers drove to that location where they found Phyllis and one Randy Haskins sitting on the hood of a car, waiting.  The officers arrested them and took all five suspects in for questioning.

Phyllis waived her *Miranda* rights and admitted that she was a methamphetamine addict, was actively involved in methamphetamine production, and had prior arrests or convictions in Missouri and Mississippi for pseudoephedrine pill-shopping.  Phyllis explained that she gave the pills to a man known as "Cookie" in exchange for cash and methamphetamine.  She also admitted that she used several people to pill shop for her, including Young and Harris, and paid them about $20 per box.  She specifically admitted to giving them cash and the use of her car to go to Georgia to purchase the pills seized during this incident, though she was unaware of Orlow.  Young told police that he had performed numerous such trips for Phyllis, that she would reimburse them for gas, food, and lodging, and that she was always the one to pay them.

Phyllis entered a guilty plea to charges of possession of and conspiracy to distribute pseudoephedrine for the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(c)(1)(2); and possession of equipment and materials for the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6).  For sentencing, the PSR began from a base offense level of 34 (based on a drug quantity of between 300 g and 1 kg) and granted a 3-level reduction for acceptance of responsibility.  But the PSR also added three levels for her role in the offense as a manager or supervisor, pursuant to U.S.S.G. § 3B1.1(b).  Phyllis objected, denying that she was a manager or supervisor and claiming instead that she was merely acting on

the orders of her late husband Dale, whom she was "powerless to resist." The probation officer

acknowledged her objection and argument in the PSR but was unpersuaded, explaining:

> Section 3B1.1(b), Aggravating Role, provides for a three-level increase if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. The Application Notes indicate that . . . the defendant must have been the manager or supervisor of one or more other participants . . . .
>
> . . .
>
> . . . The investigation revealed that, at a minimum, the following individuals were involved in the offense: [Phyllis Glover], Antoine Hutchison, David Harris, John Young, Samantha Orlow, Randy Haskins, and Dale Glover. In addition, [Phyllis] was the 'manager' or 'supervisor' of several individuals, including Harris, Hutchison, and Young. She admitted that she paid them to obtain pseudoephedrine pills for her, and, at times, these individuals used [her] vehicle for the pill-buying trips. [Phyllis] might have acted at the direction of her husband; however, she also directed at least one individual.

PSR p. 25-26 (dated June 11, 2013).

The PSR set her criminal history category at I, for an advisory guideline range of 151 to

188 months in prison. At the sentencing hearing, Phyllis's counsel argued that she was not a

manager or supervisor, but had acted only under duress, having been manipulated by her late

husband. The district court disagreed and applied the three-level aggravating role enhancement.

But the court also reduced her base offense level by two, based on the new drug quantity

guidelines (set to take effect Nov. 1, 2014), resulting in an advisory range of 121 to 151 months.

The court then considered the § 3553 factors, and imposed a below-guidelines sentence of 100

months in prison, ordered to run concurrently with a sentence pending in Missouri.

Phyllis appeals the three-level enhancement for the aggravating role, which raised her

total offense level from 29 to 32. It bears mention, however, that without the enhancement her

advisory range, based on a total offense level of 29 and criminal history of I, would have been 87

to 108 months and her actual sentence of 100 months falls within that range.

## II.

On appeal, we accord deference to the district court's determination "that a person is an organizer or leader under Section 3B1.1." *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013). Otherwise stated, that determination "should not be disturbed unless clearly erroneous." *United States v. Webb*, 335 F.3d 534, 537 (6th Cir. 2003). This same standard of review applies equally to the court's determination that a person is a manager or supervisor.

Phyllis reiterates the same arguments here that she raised to the district court: she acted only on orders from her late husband, out of fear of the violent repercussions to herself and her family, she did not benefit personally from the income because he controlled it all, she did not exercise any real control because he made all the decisions, and she is unlikely to recidivate now that he is deceased. But, granting the district court deference, as we must, we cannot conclude that the district court clearly erred by finding these factors less persuasive than the opposing factors, which Phyllis admitted: that she found and paid several people to make the pill runs, even letting them use her car, and received a larger share of the profit than those individuals.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.